UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OSVALDO VASQUEZ,

                              Plaintiff

                - v -                                  Civ. No. 9:04-CV-173
                                                       (DNH/RFT)

DALE ARTUS, Superintendent Clinton Corr.
Facility,

                              Defendant.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

OSVALDO VASQUEZ
Plaintiff, *Pro Se*
02-A-3226
Central New York Psychiatric Center
P.O. Box 200
Marcy, New York 13403

HON. ELIOT SPITZER                            JAMES B. McGOWAN, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendant
New York State Department of Law
Albany Office
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

     *Pro se* Plaintiff Osvaldo Vasquez brings the instant civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl. In his Complaint, Vasquez generally claims that while incarcerated at Clinton Correctional Facility, he was threatened by other inmates at Clinton, and that officials at the facility failed to take appropriate action in response to his written complaints and requests to be placed in protective custody. *Id*. Defendant Dale Artuz, Superintendent of Clinton Correctional Facility, has moved to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6). Dkt. No. 14. Despite being granted multiple extensions of time to do so, Plaintiff has failed to respond to the

Motion to Dismiss.[1]  *See* Dkt. No. 19, Order, dated Nov. 12, 2004 (*sua sponte* granting Plaintiff an extension of time to respond); Dkt. No. 22, Order, dated Jan. 24, 2005 (granting extension of time to respond).  For the reasons that follow, this Court recommends **granting** the Motion and **dismissing** the Complaint in its entirety.

## I.  BACKGROUND

The following bare facts are derived from the Complaint, which on a motion to dismiss, this Court must construe as true.  According to Plaintiff's Complaint, he failed to pursue and file grievances in relation to issues contained therein.  Dkt. No. 1, Compl. at ¶ 4(b).  Instead of filing a formal grievance, Plaintiff asserts he wrote a letter to the former superintendent of Clinton Correctional Facility, who is not a Defendant herein, seeking to be placed in protective custody.  *Id*.  Plaintiff asserts he has lawsuits pending in the Southern District, which inmates at Clinton Correctional Facility are aware of, and that Plaintiff has complained to prison authorities regarding his fear that his life is in danger.[2]  *Id*. at ¶ 6.  Plaintiff states that he was previously extorted by a named individual and felt he was in danger in the past as well.  *Id*. at ¶ 7.  Finally, Plaintiff advises that he is ill and previously shot by the police.  *Id*.

## II.  DISCUSSION

### A.  Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true.  *See Cruz v. Beto*, 405 U.S. 319, 322 (1972).  The court is bound to give the plaintiff the benefit of every

---

[1] This matter was referred to the undersigned pursuant 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Plaintiff claims that his lawsuit in the Southern District is worth five million dollars.  Mr. Vasquez does not explain the basis for that suit but alleges that inmates at Clinton have threatened him because "that money belonged to John Gotti, Jr."  Compl. at ¶ 6.

reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 753 n. 6 (1963). In construing the complaint favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994). Notwithstanding the deference a court is obligated to afford a plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

### B. Claim Against Defendant Artuz

Without even addressing the obvious issues concerning Plaintiff's failure to exhaust his administrative remedies prior to bringing this civil action, as is his obligation pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, we note that Plaintiff's entire Complaint is conclusory and fails to state any cognizable claim against the sole Defendant named herein, Dale Artuz. Plaintiff asserts he has written to the FBI, state police, Governor Pataki, Commissioner Goord, and other agencies and is "still left out in the open by Superintendent Dale Artus." Compl. at ¶ 6. Plaintiff, however, fails to specify in what manner Artuz was personally involved in any alleged constitutional rights. Similarly, Plaintiff fails to establish that Defendant Artuz was personally involved in any determination concerning Plaintiff's placement or health care. While Plaintiff attaches various correspondences to his Complaint, we note that not one of those

correspondences is either addressed to or from Dale Artuz. Affording the greatest of liberality in construing Plaintiff's claims, this Court cannot affirmatively state that Plaintiff has adequately asserted a cognizable cause of action against Defendant Artuz beyond the conclusory allegation that Artuz failed to protect him. Without stating definitively when Plaintiff notified Artuz of his plight and made a request for special protection, and the corresponding actions taken by Artuz in response, this Court cannot assess the viability of such claim. When claims are "so baldly conclusory that they fail to give notice of the basic events and circumstances which plaintiff complains" they are, as a matter of law, insufficient to state a claim. *Lugo v. Senkowski*, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)).

**WHEREFORE**, based on the foregoing, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 14) be **GRANTED** and the entire Complaint be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), 6(a), & 6(e).

Dated:   March 4, 2005
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge